**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| IN RE: | |
| CMTD CONTRACTOR, CORP. | CASE NO. 11-09501 (EAG) |
| DEBTOR. | CHAPTER 7 |
| _____ | |
| NOREEN WISCOVITCH RENTAS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF CMTD CONTRACTOR, CORP., | |
| PLAINTIFF, | ADV. PROCEEDING NO. 13-00249 |
| v. | |
| CARIBE TECHNO, S.E., | |
| DEFENDANT. | FILED & ENTERED ON 4/08/2016 |
| _____ | |

**OPINION AND ORDER**

The chapter 7 trustee moves the court for summary judgment on her complaint against Caribe Techno, S. E. for turnover of property of the estate under section 542(b) of the Bankruptcy Code.[1] [Adv. Dkt. Nos. 49-50 & 55.]  The trustee argues that the defendant owes the estate of the debtor $46,959.02 for construction services rendered.  The defendant opposes

---

[1]/Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

the trustee's request and alleges that it does not owe any monies to the debtor. [Adv. Dkt. No. 53.]  For the reasons stated below, the court denies the trustee's motion for summary judgment.

## I.  JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  PROCEDURAL BACKGROUND

CMTD Contractor, Corp. ("CMTD") filed a chapter 7 bankruptcy petition under chapter 7 on October 31, 2011, which was docketed as case number 11-09501. [Bankr. Dkt. No. 1.]  The trustee commenced, on December 19, 2013, this adversary proceeding for turnover of the property of the estate under section 542(b), or in the alternative, collection of monies under Article 1041 of the Puerto Rico Civil Code.  [Adv. Dkt. No. 1.] On May 8, 2014, Caribe Techno filed an answer to the complaint and counterclaimed alleging that Caribe Techno does not owe any amounts, but rather CMTD owes it $10,066.31. [Adv. Dkt. No. 25.]

On April 15, 2015, the trustee moved for summary judgment against Caribe Techno. [Adv. Dkt. Nos. 49 & 50.]  On May 27, 2015, Caribe Techno filed its opposition to the motion for summary judgment.  [Adv. Dkt. No. 53.] On June 10, 2015, the trustee supplemented her summary judgment request. [Adv. Dkt. No. 55.] On July 7, 2015, the trustee replied to the defendant's opposition for summary judgment and filed a statement of facts in support of her reply. [Adv. Dkt. Nos. 61 & 62.]  On July 11, 2015, Caribe Techno filed a sur-reply to the trustee's reply and a motion to strike the trustee's reply at docket number 61 and 62. [Adv.

Dkt. No. 63.] On August 21, 2015, the trustee opposed the defendant's motion to strike. [Adv. Dkt. Nos. 69.] On October 23, 2015, the court ordered the trustee and the defendant to supplement their motions with missing certified translations of exhibits and with complete copies of other exhibits. [Adv. Dkt. Nos. 70 & 71.] The parties supplemented their motions on November 2, 2015. [Adv. Dkt. Nos. 74 & 75.]

### III. UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

CMTD subscribed with Caribe Techno a subcontract agreement on February 25, 2005. [Trustee's Statement of Proposed Facts at ¶ 1, Adv. Dkt. No. 50; Caribe Techno's Statement of Proposed Facts at ¶ 1; Adv. Dkt. No. 53-1; Exhibit 1, Adv. Dkt. No. 75.] Under the agreement, CMTD as subcontractor, would provide construction and paving services to contractor Caribe Techno for the Convention Center project in San Juan, Puerto Rico. [Id. at ¶ 2.] As per article 6 of the agreement, Caribe Techno agreed to pay CMTD $800,000 for construction work performed and completed under a work schedule established in the contract and subject to the payment provisions of its articles 7 and 8. [Exhibit 1, Adv. Dkt. No. 75.] Article 7 established that Caribe Techno would pay CMTD partial monthly advances of a sum equal to ninety percent of the amounts agreed upon of the work actually performed during the preceding month, provided that CMTD furnished to Caribe Techno a notarized written requisition. [Id.] Article 8 provided that upon completion of the construction work and the acceptance by Caribe Techno and the owner of the project, Caribe Techno would pay CMTD the final retainer and any other amount due. [Id.]

### IV.  SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).  The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law."  Vega-Rodríguez v. P.R. Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995).  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id.  However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine.  Id.  An issue is "genuine" if it could be resolved in favor of either party.  A fact is "material" if it is potentially outcome-determinative.  See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all

reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st

Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable

inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896

F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility

determinations, no room for the measured weighing of conflicting evidence such as the trial

process entails, [and] no room for the judge to superimpose his own ideas of probability and

likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar.

Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98

F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that

"determinations of motive and intent . . . are questions better suited for the jury.") (quoting

Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

## V. APPLICABLE LAW AND DISCUSSION

The filing of a chapter 7 case automatically creates a bankruptcy estate subject to

administration by a trustee. 11 U.S.C. §§ 541(a), 704(a). And, property of the estate includes

"all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. § 541(a)(1). Section 542 requires all entities in possession, custody or control of any

property of the estate that the trustee may use, sell, or lease to turn over said property to the

trustee at the commencement of the case. 11 U.S.C. § 542(a). Section 542(b) specifically

provides that payment of a "matured, payable on demand or payable on order" debt shall be

made to the trustee. 11 U.S.C. § 542(b). The obligation to turn over property to the trustee

under Section 542 is self-operative and does not require a motion by the trustee. See In re

Randolph Towers Coop., Inc., 458 B.R. 1, 6 (Bankr.D.D.C.2011) (clarifying that a trustee's

remedy when an obligor fails to comply with the provision, absent a finding of bad faith, is to sue for enforcement of said provision rather than to seek a contempt order).

The trustee requests that Caribe Techno turn over $46,959.02 for construction services rendered and completed by the debtor for the Convention Center project. [Adv. Dkt. No. 49.] The trustee alleges that the debt is matured, liquid, and payable on demand. [Id.] And, in support of her request, the trustee submits the following documents: the subcontract agreement executed by the parties on February 25, 2005 [Adv. Dkt. No. 75]; an electronic mail from Caribe Techno to CMTD dated February 23, 2005 whereby Caribe Techno confirmed its intention to award CMTD the $800,000 subcontract agreement [Adv. Dkt. Nos. 49 & 55]; copies of invoices sent to Caribe Techno by CMTD between May and June 2007 [Id.]; weekly certification number 57 dated June 11, 2007 [Id.]; monthly certification 57 also from 2007, with no legible date, that makes reference to invoices 1529 and 1534; and a of list of payments and invoices dated March 28, 2014 prepared by the defendant's comptroller. [Id.]

The trustee alleges that the certifications are for work completed and that they were prepared, signed, and produced by the defendant, but that is not apparent from the face of the documents. And, the court also notes that the list of payments and invoices allegedly prepared by the defendant's comptroller, submitted as evidence that Caribe Techno owes the debtor the retained amount of $46,959,02 for work performed, is missing page 2 of 3, which the court presumes contains information on certifications 24 through 56.

But, Caribe Techno does not seem to be contesting that CMTD completed the work under the subcontract agreement. Rather, Caribe Techno alleges that after the work was completed, as agreed by the parties, it conducted a land survey of the pavement installed by CMTD that showed a difference between the square footage certified by CMTD and the actual

pavement installed. And, as a result, Caribe Techno overpaid the debtor $10,066.31. [Adv. Dkt. Nos. 53 & 74.] That is enough to raise an issue of material fact that prevents the court from granting summary judgment.

### VI. CONCLUSION

The court finds that the trustee has not met the burden to show that there is no genuine issue of material. As such, the trustees' motion for summary judgment [at Adv. Dkt. Nos. 49-50 & 55] is denied.

SO ORDERED.

In Ponce, Puerto Rico, this 8th day of April 2016.

Edward A. Godoy
U.S. Bankruptcy Judge